**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────

ESCAPE AVIATION, LLC,

                Plaintiff,

             -v-                                      3:25-CV-437 (AJB/ML)

ANCHOR STATE CAPITAL LLC,
and CHRISTOPHER AUBIN,

                Defendants.

───────────────────────────────

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER GRANTING DEFAULT JUDGMENT

On April 7, 2025, plaintiff Escape Aviation, LLC ("Escape Aviation" or "plaintiff"), a private jet charter service, filed this breach-of-contract action against defendants Anchor State Capital LLC ("Anchor State") and Christopher Aubin ("Aubin"). Dkt. No. 1. Plaintiff's three-count complaint seeks relief for: (1) breach of contract; (2) unjust enrichment; and (3) account stated based on Anchor State and Aubin's (collectively "defendants") alleged failure to pay the outstanding balance due under the parties' five written agreements. *Id*. Defendants were served, Dkt. Nos. 5, 6, but failed to answer or appear in this action, *see* Dkt. No. 7. Thereafter, plaintiff sought the entry of default, Dkt. No. 9, which the Clerk certified on May 28, 2025, Dkt. No. 11.

On June 27, 2025, Escape Aviation moved under Rule 55 of the Federal Rules of Civil Procedure for a default judgment. Dkt. No. 13. Despite having been served with plaintiff's moving papers, Dkt. No. 15, defendants have failed to respond. The time period in which to do so has since expired. *See* Dkt. No. 13. Accordingly, plaintiff's motion will be considered on the basis of the available submissions without oral argument.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. FED. R. CIV. P. 55(a)–(b). The first step is to obtain an entry of default from the Clerk of the Court. FED. R. CIV. P. 55(a). The second step is to move for a default judgment, which must be approved by the court except in those rare cases where the plaintiff's claim is for a sum certain. FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, "it is not considered an admission of damages," *id.*, and "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law," *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (cleaned up).

"Put differently, liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010).

Measured against this standard, Escape Aviation's motion for default judgment will be granted in substantial part. The complaint alleges that plaintiff is a New York limited liability company that entered into five written agreements with Anchor State, a Rhode Island limited liability company solely owned by Aubin, a Rhode Island domiciliary, to provide private jet charter services (the "Agreements"). Compl. ¶¶ 1–4, 8.

The Agreements contained a forum-selection clause that designated the state and federal courts in Broome County, New York, as the fora in which to resolve any disputes related to "the charter quote and these terms and conditions." Compl. ¶ 9. Thereafter, plaintiff provided the

agreed-upon private jet charter services. *Id.* ¶ 11. However, defendants failed to make full payment as required under the Agreements. *Id.* ¶ 12. According to plaintiff's complaint, which is supported by corresponding invoices, there is an outstanding balance of $178,998.88. *Id.* ¶ 13.

These allegations, which must be deemed admitted, are sufficient to establish defendants' liability under the governing law. "To state a claim for breach of contract under New York law, 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).

First, Escape Aviation has established the existence of a contract, which was formed when Aubin signed the Agreements. Compl. ¶¶ 8, 15; *see also* Ex. A to Green Decl., Dkt. No. 13-2 at 13, 19, 26, 32, 38. Second, plaintiff has established that it performed its obligations under the Agreements by providing defendants with the chartered flights. *Id.* ¶¶ 10–11. Third, plaintiff has established that defendants failed to make the full payment under the Agreements, thus failing to perform, and leaving an unpaid balance, constituting damages. *Id.* ¶ 12; *see also* Green Decl., Dkt. No. 13-1 ¶ 12 ("There is an outstanding principal balance currently due and owing to Plaintiff of $178,998.88, which Defendants have failed to pay as required by the Agreements despite repeated demand for the same.").

Courts routinely grant default judgment in breach-of-contract actions based on the kind of showing that Escape Aviation has made in this case. *See, e.g.*, *Malik v. Ayuryoga, Inc.*, 2025 WL 2029237, at *3 (N.D.N.Y. July 21, 2025) (Nardacci, J.) (awarding default judgment where the allegations established liability on breach-of-contract claim); *Elevation Health, LLC v. Sun Grp. Partners LLC*, 2025 WL 586681, at *1 (S.D.N.Y. Feb. 24, 2025) (awarding default judgment on

plaintiff's well-pleaded breach-of-contract claim); *PACCAR Fin. Corp. v. D&T Trucking, Inc.*, 2021 WL 4168598, at *2 (N.D.N.Y. Sept. 14, 2021) (Hurd, J.) (same).  Accordingly, plaintiff is entitled to default judgment on the breach-of-contract claim alleged in Count One.

      This conclusion compels another.  Escape Aviation has also moved for default judgment on Count Two (for unjust enrichment) and Count Three (for account stated).  But those requests must be denied without prejudice because these claims are duplicative of its breach-of-contract claim.  As a general matter, civil claims are "duplicative of one another if they arise from the same facts . . . and do not allege distinct damages."  *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (citations omitted).

      Where, as here, the plaintiff will be awarded a default judgment on its breach-of-contract claim, courts typically deny relief on claims for unjust enrichment and account stated.  *See, e.g.*, *Green Mountain Elec. Supply Inc. v. Zero Distrib. LLC*, 2025 WL 1677073, at *5 (N.D.N.Y. June 13, 2025) (D'Agostino, J.).  Accordingly, plaintiff's claims for unjust enrichment (in Count Two) and account stated (in Count Three) will be *sua sponte* dismissed as duplicative.[1]  *Cf. Choi v. 37 Parsons Realty LLC*, 642 F. Supp. 3d 329, 336 (E.D.N.Y. 2022) (opining that district court can *sua sponte* dismiss where "it is clear that the plaintiff could not prevail as a matter of law").

      The next question is the appropriate measure of damages.  *See, e.g.*, *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof[.]").  This assessment involves two basic requirements: *first*, there must be "an adequate basis" for the damages sought; and *second*, the amount of damages must be ascertained "with reasonable certainty."  *Antoine v. Brooklyn Maids*

---

[1] Plaintiff's proposed order appears to implicitly acknowledge this general principle, seeking default judgment "for breach of contract."  Ex. F to Green Decl., Dkt. No. 13-7 at 2.  Although the Court could deny plaintiff's motion as to the duplicative claims without dismissing them at this juncture, that approach would just lead to more delay in the entry of a judgment in this action.  *See* FED. R. CIV. P. 54(b) (counseling against the entry of partial final judgment).

*26, Inc.*, 489 F. Supp. 3d 68, 90 (E.D.N.Y. 2020).  A court can make this determination based on evidence at a hearing or upon a review of affidavits or other documentary evidence.  *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contr., Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

No hearing is necessary.  Based upon the Agreements themselves, Ex. A at 29–45, and the supporting declaration from Escape Aviation's Founder and Director of Operations, Kaden Green, Dkt. 13-1 ¶ 12, there is an adequate basis to award plaintiff $178,998.88 in damages as a result of defendants' breach of the Agreements.

Escape Aviation also seeks $11,287.91 in pre-judgment interest, which it is entitled to recover at a rate of nine percent per annum.  N.Y. C.P.L.R. § 5004(a); *see also Gov't Emps. Ins. Co. v. Onyema*, --F. Supp. 3d--, 2025 WL 1891967, at *13 (E.D.N.Y. July 9, 2025) (explaining that pre-judgment interest on a breach-of-contract claim is mandatory under New York law).[2]

Finally, Escape Aviation seeks $1,485.45 in costs, which include $462.00 for filing fees, $923.45 for service of process fees, and $100.00 in special admission fees.  Under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party."  FED. R. CIV. P. 54(d)(1).  Filing fees and service of process fees are clearly taxable as costs.  *See, e.g.*, *NYQF Inc. v. Sigue Corp.*, 781 F. Supp. 3d 104, 123 (E.D.N.Y. 2025).

Courts appear split on whether *pro hac vice* admission fees are taxable as costs, *Division 1181 Amalgamated Transit Union—N.Y. Emps. Pension Fund v. D&A Bus Co., Inc.*, 270 F. Supp. 3d 593 (E.D.N.Y. 2017), but the definition of "costs" under Rule 54(d), which is found in

---

[2] Pre-judgment interest is generally calculated "from the earliest ascertainable date the cause of action existed . . . to the date the verdict was rendered or the report or decision was made."  N.Y. C.P.L.R. § 5001(b)–(c).  But courts enjoy "wide discretion in determining a reasonable date from which to award pre-judgment interest."  *Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 512 (2d Cir. 1994).  Here, the Court finds that plaintiff's request for pre-judgment interest from the date of the individual invoices through the date of the filing of this motion is reasonable.

28 U.S.C. § 1920, includes "fees of the clerk," which would include a fee paid to the clerk for an attorney's special admission.  See *Clemmons v. Flora Food US Inc.*, 2025 WL 2437210, at *2 (S.D.N.Y. Aug. 25, 2025) (holding same but refusing to tax attorney admission fee in exercise of discretion).  Plaintiff's submissions establish that it is entitled to tax these amounts as costs.  *See* Ex. E to Green Decl., Dkt. No. 13-6.

Therefore, it is

ORDERED that

1. Plaintiff's motion for a default judgment (Dkt. No. 13) is GRANTED in part and DENIED in part;

2. Plaintiff's motion for a default judgment as to Count One (breach of contract) is GRANTED;

3. Plaintiff's motion for a default judgment as to Count Two (unjust enrichment) and Count Three (accounts stated) is DENIED and those Counts are DISMISSED without prejudice; and

4. Plaintiff Escape Aviation, LLC SHALL RECOVER against defendants Anchor State Capital, LLC, formerly known as Anchor State Investments, LLC and Christopher Aubin, jointly and severally, damages for breach of contract in the total amount of $191,772.24, which includes a principal amount of $178,998.88 plus $11,287.91 in pre-judgment interest and $1,485.45 in costs.[3] The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  October 1, 2025
    Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[3] Plaintiff is entitled to mandatory post-judgment interest under 28 U.S.C. § 1961(a).